# EXHIBIT B

5/20/2019 1:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33704370
By: Nelson Cuero
Filed: 5/20/2019 1:17 PM

**2019-34688 / Court: 190**

CAUSE NO. _____

| | | |
|---|---|---|
| **ANDRES FERRO** | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff, ANDRES FERRO, who files this, Plaintiff's Original Petition against Defendant, UNITED PROPERTY & CASUALTY INSURANCE COMPANY, and, for cause of action, would respectfully show this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. This case involves a first-party insurance policy dispute concerning damages attributable to Hurricane Harvey. This dispute involves complex legal issues originating from the TEXAS INSURANCE CODE, common law, and recent Texas case law. It will include intricate discovery regarding claims-handling practices, coverage decisions, adjustment/payment of claims, including Plaintiff's claim, as well as and the systematic approach by United Property & Casualty Insurance Company and its adjusters to the handling of catastrophic loss property damage claims arising from Hurricane Harvey. Plaintiff therefore, respectfully asks the Court to order that discovery be conditioned in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II. PARTIES

2. Plaintiff, Andrew Ferro, is a Texas resident who resides in Harris County, Texas.

3. Defendant, United Property & Casualty Insurance Company ("UPC"), is a Foreign Fire and Casualty insurance company which is licensed and authorized to engage in the business of insurance in the State of Texas. UPC may be served with process by serving its registered agent at: CT Corporation System, 1999 Bryan St. Ste. 900, Dallas, TX 75201-3136.

## III. JURISDICTION & VENUE

4. This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff states he seeks monetary relief in excess of $100,000.00 and less than $200,000.00. Plaintiff reserves the right to amend his petition during and/or after the discovery process.

5. This Court has personal jurisdiction over UPC because UPC is an insurance company licensed to do business in Texas and Plaintiff's causes of action arise from UPC's business activities in this state.

6. Venue is proper in Harris County because the insured property is located in Harris County and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County. TEX. CIV. PRAC. & REM. CODE § 15.032.

## IV. FACTS

7. Plaintiff owns the residential property at 727 Kingsmark Drive in, Houston, Harris County, Texas (the "Property"). UPC sold, and Plaintiff paid for, a Texas homeowners' insurance policy (the "Policy") to protect and insure Plaintiff's dwelling, other structures, personal property, and other items applicable to the Property.

8. From August 25th through September 1, 2017, Hurricane Harvey swept across Texas causing widespread destruction and devastation. Beginning on or about August 26, 2017, Hurricane Harvey's massive wind field caused extensive damage in and around Harris County, and to Plaintiff's Property, specifically

9. Plaintiff's Property suffered extensive wind-related damage during Hurricane Harvey. Hurricane Harvey damaged the entire roof, which in turn allowed water to penetrate into the property interior and cause significant interior water damages.

10. Following Hurricane Harvey, Plaintiff promptly and timely reported his Property claim (the "Claim") with UPC under the Policy and asked UPC to cover the cost of repairs required to return the Property to its pre-loss condition, including, but not limited to, replacement of the roof and repair of the significant interior water damage.

11. Plaintiff is entitled to these benefits under the UPC Policy as it specifically covered Plaintiff's dwelling for wind-related damage, and specifically, hurricane damage. All of the damage to the Property was covered under the express terms of the Policy.

12. UPC assigned at least two adjusters to perform the investigation and initial inspection of the Property on its behalf.

13. UPC's adjusters, however, because of inadequate training or improper instruction, failed to perform a reasonable and adequate investigation of Plaintiff's Claim. In doing so, the adjusters either completely missed or simply ignored damages that were present at the time of the inspections and were clearly attributable to Hurricane Harvey's powerful winds.

14. The inadequacy of the adjusters' investigation and adjustment of Plaintiff's Claim is evidenced by the fact they neither adjusted for, nor included, the full scope of Plaintiff's roof damage. Plaintiff's roof sustained extensive wind damage to its entire surface and to the

underlying structure/framing. Evidence of shingle and flashing damage is readily apparent from even a casual view. The massive amount of roof damage allowed water to penetrate the Property exterior and resulted directly in the substantial interior damage, which damage UPC's adjusters also failed to document properly or sufficiently.

15. Although Plaintiff notified and, later, reminded UPC numerous times of the significant widespread roof damage which caused major leaks throughout the interior of the Property, the adjusters failed to fully and adequately inspect the damaged areas of Plaintiff's property, including the roof, among other items and areas. The adjusters' failure to record the full extent of the wind-damaged Property resulted in an improperly under-scoped and consequently undervalued estimate for repairs that the adjusters submitted to UPC.

16. As an illustration—and certainly not intended as a complete listing of all of the errors and omissions in the adjusters' investigation and adjustment—the following are just some of the unfair and unreasonable low points from their "inspection" and estimates:

  i. The adjusters' estimates either missed or intentionally ignored damages to the roof because it provides no amount to remove and replace damaged shingles, sheathing, pipe jacks, or furnace vents.

  ii. The adjusters' estimates fail to provide any amounts to restore the fire place and/or chimney (e.g., amounts to remove and replace stone, drywall, and mortar) to its pre-loss condition(s).

  iii. The adjusters' estimates under-scoped the amount of damage to cedar ceiling panels

  iv. The adjusters' estimates greatly under-scoped the amount necessary to repair the water-damaged upstairs bedroom and game room to pre-loss conditions because it provides no amounts to remove and replace fixtures and insulation material.

17. Plaintiff contends that, upon information and belief, UPC and their adjusters set out and overtly sought to under-scope, underpay, and ultimately minimize Plaintiff's Claim for

covered damages. At minimum, UPC ratified the adjusters' unreasonable and improper "adjustment" of the Claim, resulting in Plaintiff's Claim effectively being denied in part as well as undervalued and underpaid. Plaintiff has suffered actual damages resulting from UPC's and their adjusters' wrongful acts and omissions as set forth above and further described herein.

## V. CAUSES OF ACTION

### Breach of Contract against UPC

18. An insurance policy is considered a contract under Texas law. UPC failed to perform its contractual duties to adequately compensate Plaintiff in accordance the terms of the Policy that it wrote and sold to Plaintiff. Specifically, UPC refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. UPC's conduct constitutes a breach of the insurance contract between UPC and Plaintiff.

### Non-Compliance by UPC with the Texas Insurance Code, Unfair Settlement Practices

19. UPC's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

20. Falsehoods and misrepresentations under Texas law may be communicated by actions as well as spoken word; therefore, deceptive conduct is equivalent to a verbal representation. UPC's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating—by way of the adjusters' estimate— that Plaintiff's damages were less extensive or severe than they actually were, resulting in the undervaluing of Plaintiff's damages; (3) using the

adjusters' own statements and conclusions about the scope and degree of the damage as a pretext for effectively denying covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate payment(s) Plaintiff in fact received.

21. UPC's unfair settlement practice, as described above, of misrepresenting—by words and acts/omissions—to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

22. UPC's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

23. UPC failed to explain to Plaintiff the reasons for failing to include all covered damages in its evaluation and/or payment(s) on the Claim. Furthermore, UPC did not communicate that future settlements or payments would be forthcoming to pay for the entire amount of Plaintiff's loss, nor did it provide any explanation for the failure to adequately settle Plaintiff's Claim. UPC's conduct is a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a)(3).

24. Although promptly reported by Plaintiff to UPC, UPC did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's damages, both exterior and interior. UPC's unfair settlement practice, as described above, of refusing to pay Plaintiff's full Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

### Non-Compliance by UPC with the Texas Insurance Code, Prompt Payment of Claims Act

25. UPC's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

26. UPC's failure—and thus continuing delay—to remit full payment of the amounts owed on Plaintiff's Claim following its receipt of all items, statements, and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

27. UPC's conduct constitutes a breach of the common law duty of good faith and fair dealing that a Texas insurer owes to its policy holders on account of the disparity in bargaining power between an insurance company and its individual insureds with respect not only to the drafting of the contract of insurance itself, but also with respect to the handling and payment of insured claims.

28. UPC's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, despite the fact that at the very same time, UPC knew, or should have known by the exercise of reasonable diligence, that its liability was reasonably clear, constitutes a breach of UPC's duty of good faith and fair dealing to Plaintiff, which is both non-delegable and continues to exist until the relationship between the parties is ultimately changed to that of judgement debtor and judgement creditor, respectively.

## VI. KNOWLEDGE

29. All of the acts described above, together and singularly, were done "knowingly" as that term is used in the TEXAS INSURANCE CODE and were a producing cause of Plaintiff's damages described herein.

## VII. CONDITIONS PRECEDENT

30. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred and/or UPC waived the same. This includes, but is not limited to, providing notice pursuant to TEXAS INSURANCE CODE 542A and pre-litigation alternative dispute resolution, if any.

## VIII. DAMAGES

31. Plaintiff would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

32. As previously mentioned, Plaintiff's covered losses have not been properly addressed or paid, which has prevented Plaintiff from making necessary repairs, thus causing further, consequential damage, to the Property while also causing undue hardship and a burden on Plaintiff. These damages and losses are a direct result of Defendant's mishandling of Plaintiff's Claim in violation of the terms of the Policy at issue and of the laws set forth above.

33. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain with respect to his purchase of the Policy, which is the amount of his Claim, together with attorneys' fees under TEXAS CIVIL PRACTICE & REMEDIES CODE Section 38.001.

34. For noncompliance with the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorneys'

fees. For knowing conduct of the acts and conduct described and complained of above, Plaintiff is entitled to, and does hereby, seek recovery of three times his actual damages. TEX. INS. CODE §541.152.

35. For noncompliance with the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT, Plaintiff is entitled to interest on the amount of the Claim as damages at the rate determined under TEX. INS. CODE §542.060, together with reasonable and necessary attorneys' fees.

36. For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from UPC's breach of its Duty, such as additional costs, economic hardship, additional losses resulting from nonpayment of the amount owed, exemplary damages, and damages for emotional distress.

37. For the prosecution and collection of this Claim, Plaintiff has been compelled to engage the services of the attorneys and law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Texas Supreme Court.

## IX. **JURY DEMAND**

38. Plaintiff requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate him in

accordance with the rules of law and procedure, as to actual damages, treble damages under the TEXAS INSURANCE CODE, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on his behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for all such other and further relief, whether by law or at equity, to which he may show himself to be justly entitled.

Respectfully submitted,

**WILLIAMS HART BOUNDAS EASTERBY, LLP**

By: /s/ Sean H. McCarthy
Sean H. McCarthy
State Bar No. 24065706
P. Griffin Bunnell
State Bar No. 24080815
8441 Gulf Freeway, Ste 600
Houston, TX 77017
Telephone: 713-230-2200
Fax: 713-643-6226
Email: smccarthy@whlaw.com
E-mail: gbunnell@whlaw.com

AND

**THE COOK LAW FIRM, PLLC**
Andrew C. Cook
State Bar No. 24057481
8441 Gulf Freeway, Sixth Floor
Houston, TX 77017
Telephone: (713) 230-2366
Facsimile: (713) 643-6226
Email: acc@texinsurancelaw.com

**ATTORNEYS FOR PLAINTIFF**

Case 4:19-cv-02426   Document 1-2   Filed on 07/05/19 in TXSD   Page 12 of 19

5/20/2019 1:17:18 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 33704370
By: CUERO, NELSON
Filed: 5/20/2019 1:17:18 PM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): **2019-34688 / Court: 190**

COURT (FOR CLERK USE ONLY): _____

STYLED: **ANDRES FERRO v UNITED PROPERTY & CASUALTY INSURANCE COMPANY**
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: | Email: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| SEAN H. McCARTHY | smccarthy@whlaw.com | Plaintiff(s)/Petitioner(s): ANDRES FERRO | [X] Attorney for Plaintiff/Petitioner<br>[ ] Pro Se Plaintiff/Petitioner<br>[ ] Title IV-D Agency<br>[ ] Other: |
| Address: 8441 Gulf Frwy Ste 600 | Telephone: 713-230-2200 | | Additional Parties in Child Support Case: |
| City/State/Zip: Houston Texas 77017 | Fax: 713-643-6226 | Defendant(s)/Respondent(s): UNITED PROPERTY & CASUALTY INSURANCE COMPANY | Custodial Parent:<br>Non-Custodial Parent:<br>Presumed Father: |
| Signature: /s/ | State Bar No: 24065706 | | |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
- *Debt/Contract*
  - [ ] Consumer/DTPA
  - [ ] Debt/Contract
  - [ ] Fraud/Misrepresentation
  - [ ] Other Debt/Contract
- *Foreclosure*
  - [ ] Home Equity—Expedited
  - [ ] Other Foreclosure
- [ ] Franchise
- [X] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
- *Malpractice*
  - [ ] Accounting
  - [ ] Legal
  - [ ] Medical
  - [ ] Other Professional Liability
- [ ] Motor Vehicle Accident
- [ ] Premises
- *Product Liability*
  - [ ] Asbestos/Silica
  - [ ] Other Product Liability List Product:
- [ ] Other Injury or Damage

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property

*Related to Criminal Matters*
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
- *Divorce*
  - [ ] With Children
  - [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

**Tax**
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

**Probate & Mental Health**
- *Probate/Wills/Intestate Administration*
  - [ ] Dependent Administration
  - [ ] Independent Administration
  - [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [X] Over $100,000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

Unofficial Copy Office of Marilyn Burgess District Clerk



5/20/2019 1:17:18 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 33704370
By: CUERO, NELSON
Filed: 5/20/2019 1:17:18 PM

**Marilyn Burgess**
2019-34688 / Court: 190
HARRIS COUNTY DISTRICT CLERK
201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____ CURRENT COURT: _____

Name(s) of Documents to be served: **PLAINTIFF'S ORIGINAL PETITION**

FILE DATE: _____ Month/Day/Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

Issue Service to: **UNITED PROPERTY & CASUALTY INSURANCE COMPANY**

Address of Service: **1999 Bryan Street Suite 900**

City, State & Zip: **Dallas Texas 75201**

Agent (if applicable) **CT Corporation System**

TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

- [x] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias    Newspaper _____
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not an E-Issuance)
- [ ] Attachment
- [ ] Certiorari
- [ ] Highway Commission ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe) _____

(See additional Forms for Post-Judgment Service)

SERVICE BY (check one):
- [ ] ATTORNEY PICK-UP (phone) _____
- [ ] E-Issuance by District Clerk
- [x] MAIL to attorney at: ADDRESS BELOW    (No Service Copy Fees Charged)
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by District Clerk

*Note: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.*

- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
- [ ] OTHER, explain _____

Issuance of Service Requested By: Attorney/Party Name: **Sean H. McCarthy** Bar # or ID **24065706**

Mailing Address: **8441 Gulf Frwy Ste 600 Hou TX 77017**

Phone Number: **713-230-2200**

6/5/2019 5:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34143882
By: Tammy Tolman
Filed: 6/5/2019 5:04 PM

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | District Court<br>190th Judicial District<br>of Harris County, Texas | | |
|---|---|---|---|
| Plaintiff | ANDRES FERRO | Cause # | 201934688 |
| Defendant(s) | UNITED PROPERTY & CASUALTY INSURANCE COMPANY | Came to Hand Date/Time | 6/05/2019   6:36 AM |
| Manner of Service | Personal | Service Date/Time | 6/05/2019   11:57 AM |
| Documents | CITATION; PLAINTIFF'S ORIGINAL PETITION | Service Fee: | $77.50 |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **6/05/2019** at **11:57 AM**: I served **CITATION and PLAINTIFF'S ORIGINAL PETITION** upon **UNITED PROPERTY & CASUALTY INSURANCE COMPANY c/o CT CORPORATION SYSTEM, REGISTERED AGENT** by delivering **1** true and correct copy(ies) thereof, with **UNITED PROPERTY & CASUALTY INSURANCE COMPANY c/o CT CORPORATION SYSTEM, REGISTERED AGENT**, Who accepted service, with identity confirmed by subject stating their name, Michelle Torres, a black-haired Hispanic female approx. 25-35 years of age, 5'8"-5'10" tall and weighing 120-140 lbs at **1999 BRYAN STREET SUITE 900, DALLAS, TX 75201**.

My name is: **John David Whitehead**. My date of birth is: **11/10/1966**
My address is: **2293 Hawes Ave #2177, Dallas, TX 75235**, USA.
My process server identification # is: **PSC-12227**. My Certification expires: **8/31/2019**.
I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in _____DALLAS_____ county, TX.

June 05, 2019

_____
John David Whitehead

_____
Date Executed

Ref   242762 Ferro
0037851296

 The Cook Law Firm PLLC

Tracking # **0038099035**


Case 4:19-cv-02426 Document 1-2 Filed on 07/05/19 in TXSD Page 15 of 19

7/1/2019 3:20 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34808290
By: Tammy Tolman
Filed: 7/1/2019 3:20 PM

CAUSE NO: 2019-34688

| | | |
|---|---|---|
| **ANDRES FERRO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| VS. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY** | § | **190TH JUDICIAL DISTRICT** |

## DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, United Property & Casualty Insurance Company ("United Property,") in the above-entitled and numbered cause and files this, its Answer to Plaintiff's Original Petition and would respectfully show unto the Court the following:

**I.**

United Property & Casualty Insurance Company asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove his charges and allegations against United Property & Casualty Insurance Company by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

**II.**

**DEFENSES**

1. United Property & Casualty Insurance Company denies that the required conditions precedent were performed and/or occurred.

2. The damages allegedly sustained by Plaintiff may have been the result of actions or omissions of individuals over whom United Property had no control, including but not limited to Plaintiff, therefore, United Property is not liable to Plaintiff.

4834-8317-3275.1

3. United Property issued a policy of insurance to Andres Ferro, bearing Policy no. 431000381507-01, and United Property adopts its terms, conditions and exclusions as if copied *in extenso*.

4. The Policy does not cover loss caused directly or indirectly by "flood, surface water…"

5. The Policy does not cover wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself.

6. The Policy does not cover loss caused by faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; materials used in repair, construction, renovation or remodeling; or maintenance; of part or all of any property whether on or off the "residence premises".

7. The Policy does not cover damages which occurred prior to policy inception.

8. United Property is entitled to any credits or set-offs for prior payments by United Property or other third parties.

9. To the extent that Plaintiff's damages are determined to be the result of a failure by Plaintiff to take reasonable steps to mitigate the loss, those damages are not recoverable.

10. Plaintiff's extra-contractual claims alleging bad faith fail because a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits.

11. To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

12. Plaintiff's extra-contractual claims alleging bad faith fail because a finding of the existence of coverage for Plaintiff's underlying insurance claim is necessary to establish any basis for Plaintiff's extra-contractual, Insurance Code claims. Because Plaintiff's allegations are generally based on Defendant's alleged failure to investigate the clam and pay policy benefits, the existence of any applicable exclusions precludes Plaintiff's extra-contractual, Insurance Code claims.

### III.

### REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Plaintiff is requested to disclose the information or material described in Rule 194.

### IV.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant, United Property & Casualty Insurance Company, respectfully prays that Plaintiff take nothing by his suit, that Defendant recovers costs, and for such other and further relief, both at law and in equity, to which United Property & Casualty Insurance Company may be justly entitled.

4834-8317-3275.1

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*
    Sarah R. Smith
    Texas State Bar No. 24056346
    24 Greenway Plaza, Suite 1400
    Houston, Texas 77046
    Telephone: 713.659.6767
    Facsimile: 713.759.6830
    sarah.smith@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT,
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded pursuant to the Texas Rules of Civil Procedure on this 1st day of July, 2019.

Sean H. McCarthy                    *Via Eserve*
P. Griffin Bunnell
Williams Hart Boundas Easterby, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
smccarthy@whlaw.com
gbunnell@whlaw.com
*Attorneys for Plaintiff*

Andrew C. Cook                     *Via Eserve*
The Cook Law Firm, PLLC
8441 Gulf Freeway, Sixth Floor
Houston, Texas 77017
acc@texinsurancelaw.com
*Attorney for Plaintiff*

                                                */s/ Sarah R. Smith*
                                                Sarah R. Smith

| HCDistrictclerk.com | FERRO, ANDRES vs. UNITED PROPERTY & CASUALTY INSURANCE COMPANY | | | 7/5/2019 |
|---|---|---|---|---|
| | Cause: 201934688 | CDI: 7 | Court: 190 | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 85985973 | Defendant, United Property & Casualty Insurance Company's Original Answer | | 07/01/2019 | 4 |
| 85594273 | Return of Service | | 06/05/2019 | 1 |
| 85330480 | Plaintiffs Original Petition | | 05/20/2019 | 10 |
| ·> 85330481 | Civil Case Information Sheet | | 05/20/2019 | 1 |
| ·> 85330482 | Civil Process Request Form | | 05/20/2019 | 1 |